IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,             ) | |
| ) | Case No. 8:10CR-191 |
| Plaintiff,     ) | |
| ) | |
| vs.                                                  ) | |
| ) | ORDER |
| STEVEN M. McCAIN and                ) | |
| BRIAN P. ARENT,                            ) | |
| ) | |
| Defendants. | |

This case is before the court on the defendant Brian P. Arent's Motion to Compel Disclosure of Confidential Informant and Request for Evidentiary Hearing (#29) and the defendant Steven McCain's Motion to Compel Disclosure of Informant and Request for Hearing and Oral Argument (#27).  The defendants are charged in a common indictment (#1) charging in Count I conspiracy and possession with intent to distribute less than 50 kilograms of marijuana from January 10, 2010 through January 11, 2010; Count II, possession with intent to distribute less than 50 kilograms of marijuana on January 11, 2010; and in Count III, of maintaining a drug-involved premises on January 10, 2010. Defendant Brian P. Arent is separately charged in Count IV, with firearm in furtherance of drug trafficking on January 10, 2010.

The defendants have jointly moved to compel the disclosure of a confidential informant ("CI") whose information to law enforcement resulted in search warrants (Exs. 1-4) being issued by judges of the county court of Douglas County, Nebraska. The defendants allege that the disclosure of the confidential informant is necessary and relevant in the preparation of their defense.

The government counters that the information from the confidential informant was a result of a visit by the confidential informant to the address that was the subject of search warrants within 72 hours of the issuance of the search warrants. The government also notes they do not intend to call the CI as a witness against either defendant, further alleging that the identity of the CI is insignificant as the CI is a mere tipster and not a participant in the crimes charged.

## THE LAW

The seminal case dealing with the disclosure of confidential informants is *Roviaro v. United States*, 353 U.S. 53 (1957), where the Supreme Court recognized the government's privilege to withhold the disclosure of the identity of a confidential informant. In *Roviaro,* the court declined to adopt a fixed rule for determining when disclosure was required. Instead, it adopted a balancing test which includes weighing the considerations of public interests in protecting the flow of information, against the individual's right to prepare his defense. *Roviaro* also requires the consideration of factors, including the crime charged, possible defenses, possible significance of the informant's testimony, and other relative factors.

The threshold issue is whether the informant is a material witness. Disclosure of a confidential informant is not mandated, "unless it is vital to a fair trial." *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Morris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). However, if the informant acts as a mere "tipster," i.e., a person who merely conveys information but does not witness or participate in the offense, "disclosure is not required." *Bourbon*, 819

F.2d at 860. "In order to override the government's privilege of non-disclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to determination of the case." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991), *United States v. Hollis,* 245 F.3d 677 (8th Cir. 2001).

After applying the law to the facts of this case, I find the defendants have not established beyond mere speculation, given the CI's lack of direct involvement as a witness or participation in the drug transactions charged, that disclosure is material to the determination of the case. I find the government does not have the legal obligation under the facts of this case to reveal the identity of the confidential information. Therefore,

**IT IS ORDERED:**

1. The Defendants' motions to compel (#27) and (#29) are denied.

2. A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 1st day of July 2010.

BY THE COURT:

S/ F. A. Gossett
United States Magistrate Judge