IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

STEVEN M. MCCAIN,

Defendant.

8:10CR191

MEMORANDUM AND ORDER

This matter is before the court on the defendant's Motion to Vacate and Correct Sentence under 28 U.S.C. § 2255, Filing No. 121. McCain seeks relief under *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). In that case, the Supreme Court found the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), to be unconstitutionally vague in violation of due process of law and is no longer enforceable. The Supreme Court gave the decision in *Johnson* retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

McCain was convicted of maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a) and sentenced, pursuant to a binding Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, to 108 months imprisonment. Although the record shows that McCain was not convicted or sentenced under the Armed Career Criminal Act, his Guidelines calculation had included a career offender enhancement under U.S.S.G. § 4B1.1(a), which provides that a defendant who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense" is considered a career offender. At the time McCain was sentenced, U.S.S.G. § 4B1.2(a)

contained a definition of crime of violence identical to that invalidated in *Johnson*.[1]
McCain contends that his previous conviction for operating a motor vehicle to avoid arrest no longer qualifies as a crime of violence and his sentence is therefore a violation of due process.

The Supreme Court recently held, however, that "because the Guidelines are merely advisory, they 'are not subject to a vagueness challenge under the Due Process Clause.'" *Cervantes v. United States*, No. 16-1554, 2017 WL 3127336, at *1 (8th Cir. July 24, 2017) (quoting *Beckles v. United States*, 137 S. Ct. 886, 892 (2017)). McCain raises only a *Johnson* challenge. *Beckles* thus forecloses McCain's argument.

In light of this finding the court need not determine whether the Rule 11(c)(1)(C) plea agreement was based on the Guidelines so as to come within the purview of a sentence reduction under 18 U.S.C. § 3582(c)(2). *See Freeman v. United States*, 564 U.S. 522, 538-39 (2011) (Sotomayor, J., concurring). Accordingly,

IT IS ORDERED:

1. Defendant's motion to vacate or correct his sentence, Filing No. 121, is denied.

2. A judgment of dismissal in accordance with this Memorandum and Order will issue this date.

Dated this 7th day of August, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[1] The Sentencing Commission removed the residual clause from U.S.S.G. § 4B1.2(a)(2) in 2016, *see* U.S.S.G. app. C, amend. 798.